# United States District Court
# Eastern District of California

| | |
|---|---|
| DEONDRE TERRELL HUDSON,<br><br>         Petitioner,<br><br>    v.<br><br>J. WALKER, Warden, et al.,<br><br>         Respondents. | CV 08-00277 TJH<br><br><br>Order<br>(JS-6) |

　　　　The Court has considered the petition for habeas corpus, together with the moving and opposing papers.

　　　　In 2004, Hudson was found guilty of two counts of first degree murder for shooting and killing a woman who was seven months pregnant with his child.  The jury, also, found that there were special circumstances of multiple-murders and firearm-use.  Hudson was sentenced to two consecutive terms of life without possibility of parole with each term enhanced an additional twenty-five years for the firearm use.

After exhausting his appeals and habeas petitions in state court, Hudson now petitions this court for habeas relief. Hudson cited the following grounds as a basis for granting his petition for a writ of habeas corpus.

Hudson's first basis is for prosecutorial misconduct. The prosecutor, during closing argument, pointed at Hudson and invited the jury to consider his demeanor; the prosecutor expressed personal belief in Hudson's guilt; and the prosecutor improperly shifted the burden of proof to Hudson.

Hudson asserts that another basis is that the firearm enhancement was improper because an element of the murder was his use of a gun, so, he was, in effect, convicted for the greater and lesser charges of murder and murder with a firearm.

Hudson argued a third basis is that the decision to give a sentence of life without parole or twenty five years should have been decided by the trier of fact, the jury, not the court.

Hudson argued that his trial counsel coerced him to testify and did not advise Hudson of his right to not testify.

Hudson argued that he received ineffective assistance from his trial attorney because: He suffered from cancer; He failed to argue that the jury should have decided whether to give the discretionary lesser sentence; He did not request a juvenile fitness hearing; and He did not object to the introduction of statements made by Hudson to police after Hudson requested to speak to his legal guardian. Hudson, also, argued that he received ineffective assistance from his appellate attorney because: He failed to argue that the jury should have decided whether to give the discretionary lesser sentence; He failed to argue that Hudson was coerced to testify by his trial attorney and was not adequately advised of his right to not testify; and He did not object to the introduction of statements made by Hudson to police after

Hudson requested to speak to his legal guardian.

To merit habeas relief, a petitioner must demonstrate that the state court's post-conviction adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C § 2254(d)(1). "[I]t is the habeas applicant's burden to show that the state court applied [a Supreme Court case] to the facts of his case in an objectively unreasonable manner."  Price v. Vincent, 537 U.S. 634, 641, 123 S. Ct. 1848, 1853, 155 L. Ed. 2d 877, 886 (2003).

For habeas purposes, prosecutorial misconduct amounts to reversible error when the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.  Darden v. Wainwright, 477 U.S. 168, 181, 106 S. Ct. 2464, 2471, 91 L. Ed. 2d 144, 157 (1986).  Even accepting that, during the closing argument, the prosecutor pointed at Hudson and invited the jury to observe his demeanor, suggested that Hudson acted differently than an innocent person would have when he was interviewed by police, and expressed belief in Hudson's guilt based on the evidence presented, this does not rise to the level of denial of due process.  Further, without any factual basis to support his claim, Hudson asserts that the prosecutor somehow shifted the burden of proof to him. While some cases suggest that directing the jury to consider the demeanor of a defendant when the defendant is not testifying, or expressing personal belief in the guilt of the defendant can constitute prosecutorial misconduct, no case suggests that comparing a defendant's behavior to that of an innocent person is misconduct. Further, all of these claims together are still insufficient for the standard set in Darden.  The comments are not so unfair as to make Hudson's conviction a denial of due process, given the great amount of evidence against him.

1	Hudson contends that he was improperly convicted, under the Double
2	Jeopardy Clause, of the greater and lesser charge of murder and murder with a
3	firearm-enhancement, for each murder.  Were this Court to accept Hudson's claim,
4	it would mean that all statutory enhancements are necessarily unconstitutional.  This
5	is an incorrect statement of law.  California Penal Code § 187(a) provides: "Murder
6	is the unlawful killing of a human being, or a fetus, with malice aforethought."
7	California Penal Code § 12022.53(d) provides a sentencing enhancement of twenty-
8	five years when murder is committed with a firearm.  The firearm enhancement was
9	a "functional equivalent" of a conviction of a greater charge of first degree murder
10	with a firearm.  Apprendi v. New Jersey, 530 U.S. 466, 494 n.19, 120 S. Ct. 2348,
11	2365 n.19, 147 L. Ed. 2d 435, 457 n.19 (2000).  Therefore, Hudson's conviction
12	of the firearm enhancement in California Penal Code § 12022.53(d), Hudson was not
13	convicted of both a greater and lesser charge but of a the greater charge only.  The
14	Supreme Court has explicitly held that statutory enhancements are constitutional
15	provided that all necessary factual elements are found true, beyond a reasonable
16	doubt, by the trier of fact.  Apprendi, 530 U.S. at 490, 120 S. Ct. at 2362-63, 147
17	L. Ed. 2d at 455.  Therefore, Hudson's conviction of the firearm enhancement was
18	proper.

19	Hudson was seventeen years old at the time of the killings.  He was eligible
20	for a lesser sentence under California Penal Code § 190.5 .  Hudson argues that the
21	question of whether to apply the lesser sentence should have been determined by the
22	trier of fact, the jury.  California Penal Code § 190.5 explicitly states that the lesser
23	sentence is applicable only at the discretion of the court.

24	Hudson has not offered any proof, as it is his burden to do, under Price, to
25	support his claim that his trial attorney failed to notify him on his right to not testify
26	or that his trial attorney coerced him to testify.  Presumably, Hudson's attorney did

1  notify Hudson because the record shows that before Hudson testified, his attorney
2  spoke to the court and said that he "need[ed] to discuss with my client whether he
3  intends to testify." (Reporter's Transcript at 305.)

4  "[A] court must indulge a strong presumption that counsel's conduct falls
5  within the wide range of reasonable professional assistance. … A convicted
6  defendant making a claim of ineffective assistance must identify the acts or omissions
7  of counsel that are alleged not to have been the result of reasonable professional
8  judgment." Strickland v. Washington, 466 U.S. 668, 689-90, 104 S. Ct. 2052,
9  2065-66, 80 L. Ed. 2d 674, 694-95 (1984). Hudson has failed to show, under
10 Strickland, that he received ineffective assistance of counsel from either his trial or
11 appellate attorney.

12 Hudson has not met his burden of proof, under Price, to identify any facts that
13 show how trial counsel's cancer led to unreasonable or ineffective representation
14 during Hudson's trial. The record only shows that Hudson's attorney had to leave
15 the court, due to a medical emergency, during the afternoon session of his trial on
16 May 12, 2004, and so the trial was continued until his attorney returned to court on
17 the next morning. This does not constitute unreasonable professional judgment.

18 Neither the trial nor appellate attorney exercised unreasonable professional
19 judgment by not arguing that the jury should have decided whether to give a
20 discretionary lesser sentence. It was clear that, as a matter of law, the judge had the
21 discretion to do so.

22 California Welfare and Institutions Code § 707 provides for a fitness hearing
23 for juveniles tried in juvenile court. The trial attorney did not exercise unreasonable
24 professional judgment by not arguing for a fitness hearing because Hudson was not
25 tried in juvenile court.

26 Neither the trial nor appellate attorney exercised unreasonable professional

1  judgment by not arguing that Hudson's statements to police should be suppressed
2  because Hudson has not offered any proof that the statements were made as a result
3  of an interrogation, or that Hudson asked to speak to his legal guardian before
4  making his statements.
5      The appellate attorney did not exercise unreasonable professional judgment by
6  not arguing that Hudson's trial attorney coerced Hudson to testify, or failed to advise
7  Hudson of his right to not testify because there was no evidence that Hudson's trial
8  attorney did so.
9      Therefore, as discussed above, all of the Petitioner's claims fail on the merits.
10      It is Ordered that the petition for writ of habeas corpus be, and hereby is,
11  Denied.

Date:   September 30, 2011

_____
Terry J. Hatter, Jr.
Senior United States District Judge